## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| EVERGREEN INTERNATIONAL AVIATION, INC., *et al.,* | Case No.  13-13364 (MFW) |
| | (Jointly Administered) |
| Debtors.[1] | |
| ALFRED T. GIULIANO, as Chapter 7 Trustee for Evergreen International Aviation, Inc., *et al.,* | |
| Plaintiffs, | Adv. No. 15- 51918-MFW |
| v. | |
| WORLD FUEL SERVICES, INC. and EVERGREEN HOLDINGS, INC., | |
| Defendants. | |

**ANSWER TO COMPLAINT FOR (A) UNJUST ENRICHMENT AND IMPOSITION OF A CONSTRUCTIVE TRUST, (B) DECLARATORY RELIEF, (C) AVOIDANCE OF LIEN, (D) AVOIDANCE AND RECOVERY OF FRAUDULENT AND PREFERENTIAL TRANSFERS, AND (E) OBJECTION TO FILED AND SCHEDULED CLAIMS OF DEFENDANT WORLD FUEL SERVICES, INC.**

Defendant, World Fuel Services, Inc. ("**World Fuel**" or "**Defendant**"), by and through

its undersigned counsel and for its answer to the complaint (the "**Complaint**") filed by Alfred

T. Giuliano, in his capacity as chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") for the above-

captioned debtors (the "**Debtors**"), hereby states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' address is 3850 Three Mile Lane, McMinnville, Oregon 97128.

## SUMMARY OF ACTION

1.      World Fuel denies the allegations contained in paragraph 1 of the Complaint to the extent that they state, imply, or suggest that World Fuel is liable in any manner whatsoever to the Plaintiff.

2.      World Fuel denies the allegations contained in paragraph 2 of the Complaint to the extent that they state, imply, or suggest that World Fuel is liable in any manner whatsoever to the Plaintiff.

3.      Upon information and belief, the Property[2] is owned by non-debtor defendant Evergreen Holdings, Inc. ("**Holdings**").  World Fuel admits that it has a recognized judgment lien against the Property.

4.      World Fuel denies the allegations set forth in paragraph 4 of the Complaint for lack of sufficient knowledge or information.

5.      World Fuel denies the allegations set forth in paragraph 5 of the Complaint for lack of sufficient knowledge or information.

6.      World Fuel denies the allegations set forth in paragraph 6 of the Complaint for lack of sufficient knowledge or information.

7.      World Fuel denies the allegations contained in paragraph 7 of the Complaint to the extent that they state, imply, or suggest that World Fuel is liable in any manner whatsoever to the Plaintiff.  World Fuel admits that it filed a proof of claim against the Debtors' estates. World Fuel denies all other allegations contained in paragraph 7.

---

[2] All terms not otherwise defined herein shall have the meanings ascribed to such terms in the Complaint.

52244289.2

8.      World Fuel denies the allegations contained in paragraph 8 of the Complaint to the extent that they state, imply, or suggest that World Fuel is liable in any manner whatsoever to the Plaintiff.

### JURISDICTION AND VENUE

9.      World Fuel admits that the Bankruptcy Court has jurisdiction over this adversary proceeding and that venue in this district is proper.  World Fuel also admits that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### THE PARTIES

10.     World Fuel denies the allegations set forth in paragraph 10 of the Complaint for lack of sufficient knowledge or information.

11.     World Fuel denies the allegations set forth in paragraph 11 of the Complaint for lack of sufficient knowledge or information.

12.     World Fuel denies the allegations set forth in paragraph 12 of the Complaint for lack of sufficient knowledge or information.

13.     World Fuel admits that it is a corporation organized and existing under the laws of the State of Florida.  World Fuel also admits that it provided fuel and related supplies to Airlines.

### FACTUAL BACKGROUND FOR COMPLAINT

14.     World Fuel admits that the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code on December 31, 2013.  World Fuel also admits that Plaintiff was appointed as chapter 7 trustee of the Debtors' estates.

52244289.2

I.      **Facts relevant to the Property and imposition of a constructive trust**

   **A. World Fuel's contentions**

   15. World Fuel admits that it sold fuel and related supplies to Airlines, as well as certain of its affiliates and subsidiaries.  World Fuel also admits that Airlines became delinquent in paying and, as a result, World Fuel received corporate guarantees from certain subsidiaries and affiliates of Airlines, including Holdings.  World Fuel denies all other allegations contained in paragraph 15.

   16. World Fuel admits that Airlines and certain of its related entities defaulted on their obligations.  World Fuel also admits that it has pursued legal recourse against numerous entities, including Holdings.  World Fuel denies all other allegations contained in paragraph 16.

   17. Upon information and belief, the Property is owned by non-debtor defendant Holdings.  World Fuel admits that it has a recognized judgment lien against the Property. World Fuel denies all other allegations contained in paragraph 17.

   **B. Aviation is, at a minimum, the equitable owner of the Property**

   18. World Fuel denies the allegations set forth in paragraph 18 of the Complaint.

   **1. Helicopters financed the construction of the Building**

   19. World Fuel denies the allegations set forth in paragraph 19 of the Complaint for lack of sufficient knowledge or information.

   20. World Fuel denies the allegations set forth in paragraph 20 of the Complaint for lack of sufficient knowledge or information.

   21. World Fuel denies the allegations set forth in paragraph 21 of the Complaint for lack of sufficient knowledge or information.

**2.**        **The Property is disclosed as being owned by Helicopters**

22.      World Fuel denies the allegations set forth in paragraph 22 of the Complaint for lack of sufficient knowledge or information.

23.      World Fuel denies the allegations set forth in paragraph 23 of the Complaint for lack of sufficient knowledge or information.

24.      World Fuel denies the allegations set forth in paragraph 24 of the Complaint for lack of sufficient knowledge or information.

25.      World Fuel denies the allegations set forth in paragraph 25 of the Complaint for lack of sufficient knowledge or information.

**3.**        **Aviation Sells Helicopters, but keeps the Property**

26.      World Fuel denies the allegations set forth in paragraph 26 of the Complaint for lack of sufficient knowledge or information.

27.      World Fuel denies the allegations set forth in paragraph 27 of the Complaint for lack of sufficient knowledge or information.

28.      World Fuel denies the allegations set forth in paragraph 28 of the Complaint for lack of sufficient knowledge or information.

29.      World Fuel denies the allegations set forth in paragraph 29 of the Complaint for lack of sufficient knowledge or information.

30.      World Fuel denies the allegations set forth in paragraph 30 of the Complaint for lack of sufficient knowledge or information.

31.      World Fuel denies the allegations set forth in paragraph 31 of the Complaint for lack of sufficient knowledge or information.

**4.      The other assets on Schedule 2.3 were separately and formally transferred**

32.      World Fuel denies the allegations set forth in paragraph 32 of the Complaint for lack of sufficient knowledge or information.

33.      World Fuel denies the allegations set forth in paragraph 33 of the Complaint for lack of sufficient knowledge or information.

34.      World Fuel denies the allegations set forth in paragraph 34 of the Complaint for lack of sufficient knowledge or information.

**5.      After the Conveyance Date, Aviation assumed the role of "landlord"**

35.      World Fuel denies the allegations set forth in paragraph 35 of the Complaint for lack of sufficient knowledge or information.

36.      World Fuel denies the allegations set forth in paragraph 36 of the Complaint for lack of sufficient knowledge or information.

37.      World Fuel admits that the Property is listed as an asset on Aviation's Schedules of Assets and Liabilities filed in the bankruptcy cases.

**II.      Facts relevant to avoidance and recovery of fraudulent transfers and preferential transfers**

38.      World Fuel denies the allegations set forth in paragraph 38 of the Complaint for lack of sufficient knowledge or information.

39.      World Fuel denies the allegations set forth in paragraph 39 of the Complaint for lack of sufficient knowledge or information.

40.      World Fuel denies the allegations set forth in paragraph 40 of the Complaint for lack of sufficient knowledge or information.

41.      World Fuel denies the allegations set forth in paragraph 41 of the Complaint for lack of sufficient knowledge or information.

52244289.2

42.     World Fuel admits that it entered into a Paydown and Release Agreement dated April 29, 2013, with certain Evergreen entities.  World Fuel believes that the Paydown and Release Agreement speaks for itself and, therefore, denies all other allegations set forth in paragraph 42.

43.     World Fuel admits that it received a $5,200,000 payment from EAC Acquisition Corp. on May 2, 2013.  World Fuel denies all other allegations set forth in paragraph 43 of the Complaint for lack of sufficient knowledge or information.

44.     World Fuel admits that it entered into a Joinder to Continuing Guaranty with certain Evergreen entities.  World Fuel believes that the Joinder to Continuing Guaranty speaks for itself and, therefore, denies all other allegations set forth in paragraph 44.

45.     World Fuel denies the allegations set forth in paragraph 45 of the Complaint.

46.     World Fuel denies the allegations set forth in paragraph 46 of the Complaint.

**III. Amounts allegedly owed to World Fuel and World Fuel's claims**

47.     World Fuel admits the allegations set forth in paragraph 47 of the Complaint.

48.     World Fuel admits the allegations set forth in paragraph 48 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Unjust Enrichment and Imposition of Constructive Trust)**

49.     In response to paragraph 49 of the Complaint, World Fuel incorporates and adopts by reference, as if fully rewritten herein, its responses to all preceding paragraphs of the Complaint.

50.     World Fuel denies the allegations set forth in paragraph 50 of the Complaint for lack of sufficient knowledge or information.

51.     World Fuel denies the allegations set forth in paragraph 51 of the Complaint for lack of sufficient knowledge or information.

52.     World Fuel denies the allegations set forth in paragraph 52 of the Complaint for lack of sufficient knowledge or information.

53.     World Fuel denies the allegations set forth in paragraph 53 of the Complaint for lack of sufficient knowledge or information.

54.     World Fuel denies the allegations set forth in paragraph 54 of the Complaint for lack of sufficient knowledge or information.

55.     World Fuel denies the allegations set forth in paragraph 55 of the Complaint for lack of sufficient knowledge or information.

56.     World Fuel denies the allegations set forth in paragraph 56 of the Complaint for lack of sufficient knowledge or information.

57.     World Fuel denies the allegations set forth in paragraph 57 of the Complaint for lack of sufficient knowledge or information.

58.     World Fuel denies the allegations contained in paragraph 58 of the Complaint to the extent that they state, imply, or suggest that World Fuel is liable in any manner whatsoever to the Plaintiff.

<u>**SECOND CLAIM FOR RELIEF**</u>
**(Declaratory Judgment that the Property and/or Building are Property of Aviation's Bankruptcy Estate — 28 U.S.C. § 2201)**

59.     In response to paragraph 59 of the Complaint, World Fuel incorporates and adopts by reference, as if fully rewritten herein, its responses to all preceding paragraphs of the Complaint.

60.     World Fuel admits that there is a disagreement between World Fuel and the Trustee regarding ownership of the Property and Building.

52244289.2

61.     To the extent the allegations in paragraph 61 of the Complaint state a legal conclusion, no responsive pleading is required.  To the extent such allegations state a factual conclusion, World Fuel denies the allegations in paragraph 61.

62.     World Fuel denies the allegations set forth in paragraph 62 of the Complaint.

### THIRD CLAIM FOR RELIEF
### (Avoidance of World Fuel Judgment Lien— 11 U.S.C. § 544)

63.     In response to paragraph 63 of the Complaint, World Fuel incorporates and adopts by reference, as if fully rewritten herein, its responses to all preceding paragraphs of the Complaint.

64.     World Fuel denies the allegations set forth in paragraph 64 of the Complaint.

65.     To the extent the allegations in paragraph 65 of the Complaint state a legal conclusion, no responsive pleading is required.  To the extent such allegations state a factual conclusion, World Fuel denies the allegations in paragraph 65.

66.     World Fuel denies the allegations set forth in paragraph 66 of the Complaint.

67.     To the extent the allegations in paragraph 67 of the Complaint state a legal conclusion, no responsive pleading is required.  To the extent such allegations state a factual conclusion, World Fuel denies the allegations in paragraph 67.

68.     World Fuel denies the allegations set forth in paragraph 68 of the Complaint.

69.     World Fuel denies the allegations set forth in paragraph 69 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### (For Avoidance of the Joinder Guaranty as a Fraudulent Transfer -
### 11 U.S.C. § 544(b) and Oregon Statutes, ORS §§ 95.230 and 95.240)

70.     In response to paragraph 70 of the Complaint, World Fuel incorporates and adopts by reference, as if fully rewritten herein, its responses to all preceding paragraphs of the Complaint.

71.     World Fuel denies the allegations set forth in paragraph 71 of the Complaint.

52244289.2

72.     World Fuel denies the allegations set forth in paragraph 72 of the Complaint for lack of sufficient knowledge or information.

73.     World Fuel denies the allegations set forth in paragraph 73 of the Complaint for lack of sufficient knowledge or information.

74.     World Fuel denies the allegations set forth in paragraph 74 of the Complaint for lack of sufficient knowledge or information.

75.     World Fuel denies the allegations set forth in paragraph 75 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**(For Avoidance of Joinder Guaranty as a Fraudulent Transfer -- 11 U.S.C. § 548)**

76.     In response to paragraph 76 of the Complaint, World Fuel incorporates and adopts by reference, as if fully rewritten herein, its responses to all preceding paragraphs of the Complaint.

77.     World Fuel admits that the Joinder Guaranty was entered into within two years of the Debtors' Petition Date.  World Fuel denies the remaining allegations set forth in paragraph 77 of the Complaint.

78.     World Fuel denies the allegations set forth in paragraph 78 of the Complaint for lack of sufficient knowledge or information.

79.     World Fuel denies the allegations set forth in paragraph 79 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**(For Avoidance of $5,200,000 Payment as a Fraudulent Transfer --**
**11 U.S.C. § 544(b) and Oregon Statutes, ORS §§ 95.230 and 95.240)**

80.     In response to paragraph 80 of the Complaint, World Fuel incorporates and adopts by reference, as if fully rewritten herein, its responses to all preceding paragraphs of the Complaint.

81.     World Fuel denies the allegations set forth in paragraph 81 of the Complaint.

-10-

82.     World Fuel denies the allegations set forth in paragraph 82 of the Complaint for lack of sufficient knowledge or information.

83.     World Fuel denies the allegations set forth in paragraph 83 of the Complaint for lack of sufficient knowledge or information.

84.     World Fuel denies the allegations set forth in paragraph 84 of the Complaint for lack of sufficient knowledge or information.

85.     World Fuel denies the allegations set forth in paragraph 85 of the Complaint for lack of sufficient knowledge or information.

86.     World Fuel denies the allegations set forth in paragraph 86 of the Complaint.

## SEVENTH CLAIM FOR RELIEF
### (For Avoidance of $5,200,000 Payment as a Fraudulent Transfer -- 11 U.S.C. § 548)

87.     In response to paragraph 87 of the Complaint, World Fuel incorporates and adopts by reference, as if fully rewritten herein, its responses to all preceding paragraphs of the Complaint.

88.     World Fuel admits that the $5,200,000 Payment was made within two years of the Debtors' Petition Date.  World Fuel denies the remaining allegations set forth in paragraph 88.

89.     World Fuel denies the allegations set forth in paragraph 89 of the Complaint for lack of sufficient knowledge or information.

90.     World Fuel denies the allegations set forth in paragraph 90 of the Complaint.

## EIGHTH CLAIM FOR RELIEF
### (Recovery of Property/Fraudulent Transfers —11 U.S.C. § 550)

91.     In response to paragraph 91 of the Complaint, World Fuel incorporates and adopts by reference, as if fully rewritten herein, its responses to all preceding paragraphs of the Complaint.

52244289.2

92.     World Fuel admits that it received a $5,200,000 payment from EAC Acquisition Corp. on May 2, 2013.  World Fuel denies all other allegations set forth in paragraph 92 of the Complaint for lack of sufficient knowledge or information.

93.     World Fuel denies the allegations set forth in paragraph 93 of the Complaint.

**NINTH CLAIM FOR RELIEF**
**(For Avoidance of Preferential Transfers -- 11 U.S.C. § 547)**

94.     In response to paragraph 94 of the Complaint, World Fuel incorporates and adopts by reference, as if fully rewritten herein, its responses to all preceding paragraphs of the Complaint.

95.     World Fuel admits the allegations set forth in paragraph 95 of the Complaint.

96.     World Fuel admits only that it received the Transfers.  World Fuel denies the remaining allegations set forth in paragraph 96 of the Complaint for lack of sufficient knowledge or information.

97.     World Fuel admits the allegations set forth in paragraph 97 of the Complaint.

98.     World Fuel denies the allegations set forth in paragraph 98 of the Complaint for lack of sufficient knowledge or information.

99.     World Fuel denies the allegations set forth in paragraph 99 of the Complaint for lack of sufficient knowledge or information.

100.    World Fuel denies the allegations set forth in paragraph 100 of the Complaint for lack of sufficient knowledge or information.

101.    To the extent the allegations in paragraph 101 of the Complaint state a legal conclusion, no responsive pleading is required.  To the extent such allegations state a factual conclusion, World Fuel denies the allegations in paragraph 101.

102.    World Fuel denies the allegations set forth in paragraph 102 of the Complaint.

-12-

**TENTH CLAIM FOR RELIEF**
**(Recovery of Property/Preferential Transfers — 11 U.S.C. § 550)**

103.    In response to paragraph 103 of the Complaint, World Fuel incorporates and adopts by reference, as if fully rewritten herein, its responses to all preceding paragraphs of the Complaint.

104.    World Fuel admits only that it received the Transfers.  World Fuel denies the remaining allegations set forth in paragraph 104 of the Complaint for lack of sufficient knowledge or information.

105.    World Fuel denies the allegations set forth in paragraph 105 of the Complaint.

**ELEVENTH CLAIM FOR RELIEF**
**(Objection to Proof of Claim No. 134 Filed Against Airlines and Scheduled Claim —**
**Disallowance Under 11 U.S.C. § 502(d))**

106.    In response to paragraph 106 of the Complaint, World Fuel incorporates and adopts by reference, as if fully rewritten herein, its responses to all preceding paragraphs of the Complaint.

107.    World Fuel admits that it filed a proof of claim in the Debtors' bankruptcy cases.  The Scheduled Claim was listed by the Debtors in their Schedules of Assets and Liabilities.

108.    World Fuel denies the allegations set forth in paragraph 108 of the Complaint.

109.    World Fuel denies the allegations set forth in paragraph 109 of the Complaint.

**AFFIRMATIVE DEFENSES**

World Fuel asserts and alleges the following separate and affirmative defenses to each and every claim alleged in the Complaint.  By asserting and alleging the matters set forth in these affirmative defenses, World Fuel does not thereby aver or admit that it has the burden of proof and/or burden of persuasion with respect to any such matters.  World Fuel expressly reserves the right to assert additional affirmative defenses that may arise or become apparent

-13-

during discovery and/or the pendency of the Complaint.  In addition to the specific averments below, World Fuel incorporates all preceding paragraphs of its Answer, as if fully rewritten herein.

## FIRST DEFENSE

1.   Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

2.   Plaintiff is not entitled to a declaratory judgment, imposition of a constructive trust, or avoiding World Fuel's judgment lien on the Property, as the Property is owned by Holdings, a non-debtor, and World Fuel has a valid, enforceable judgment lien against the Property.

## THIRD DEFENSE

3.   Plaintiff is not entitled to avoid the Joinder Guaranty as a fraudulent transfer under Bankruptcy Code Sections 544, 548, and 550 as the Debtors received fair and adequate consideration.

## FOURTH DEFENSE

4.   Plaintiff is not entitled to avoid the $5,200,000 payment to World Fuel as a fraudulent transfer under Bankruptcy Code Sections 544, 548, and 550 as the Debtors received fair and adequate consideration.

## FIFTH DEFENSE

5.   The Complaint fails to state a claim upon which relief can be granted under sections 547, 548, 549, 550, and 502 of the Bankruptcy Code.

## SIXTH DEFENSE

6.   Plaintiff may not avoid the Transfers because it will not be able to establish one or more of the requisite elements of a preferential transfer under 11 U.S.C. § 547(b).

**SEVENTH DEFENSE**

7.      Plaintiff may not avoid the Transfers to the extent that they were intended to be a contemporaneous exchange for new value and were in fact a substantially contemporaneous exchange, as provided for by 11 U.S.C. § 547(c)(1).

**EIGHTH DEFENSE**

8.      Plaintiff may not avoid the Transfers to the extent that they were in payment of a debt incurred by one or more of the Debtors in the ordinary course of business or financial affairs of the Debtors and World Fuel, and such transfers were either (a) made in the ordinary course of business or financial affairs of the Debtors and World Fuel, or (b) made according to ordinary business terms, as provided for by 11 U.S.C. § 547(c)(2).

**NINTH DEFENSE**

9.      Plaintiff may not avoid the Transfers to the extent that, after the Transfers were made, World Fuel gave new value to or for the benefit of one or more of the Debtors (a) not secured by an otherwise unavoidable security interest, and (b) on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of World Fuel, as provided for by 11 U.S.C. § 547(c)(4).

**TENTH DEFENSE**

10.     Plaintiff may not avoid the Transfers as constructively fraudulent transfers under 11 U.S.C. § 548(a)(1)(B) because (a) the Transfers were on account of antecedent debts owed to World Fuel by one or more of the Debtors and (b) the Debtors received reasonably equivalent value in exchange for the Transfers.  Additionally, Plaintiff will not be able to establish the existence of any of the circumstances set forth in 11 U.S.C. § 548(a)(1)(B)(ii).

52244289.2

**ELEVENTH DEFENSE**

11.     Plaintiff may not recover the Transfers, nor is Plaintiff entitled to any other relief, under 11 U.S.C. § 550 because the Transfers are not avoidable by Plaintiff on any ground for the reasons stated herein.

**TWELFTH DEFENSE**

12.     Plaintiff is not entitled to any relief under 11 U.S.C. §§ 502(d) and (j) because the Transfers are neither avoidable nor recoverable by Plaintiff on any ground for the reasons stated herein.

**THIRTEENTH DEFENSE**

13.     World Fuel preserves all rights of setoff and recoupment, including those relating to pre- and post-petition goods and services that may have been provided to the Debtors that have not been paid to World Fuel.

**FOURTEENTH DEFENSE**

14.     Plaintiff is not entitled to disallow World Fuel's proof of claim [Claim No. 134], as World Fuel has a valid general unsecured claim against the Debtors' estates in the amount of $9,048,284.65 based on the sale of fuel and related services by World Fuel to the Debtors prior to the Petition Date.

**FIFTEENTH DEFENSE**

15.     Plaintiff is not entitled to any of the relief requested due to the doctrine of laches, as the Trustee unreasonably delayed in bringing these claims against World Fuel.

**SIXTEENTH DEFENSE**

16.     Plaintiff is not entitled to any of the relief requested due to the equitable doctrine of unclean hands.

## SEVENTEENTH DEFENSE

17.     Plaintiff is not entitled to any of the relief requested due to the equitable doctrine of estoppel.

## EIGHTEENTH DEFENSE

18.     Plaintiff is not entitled to any of the relief requested due to his failure to include all necessary parties, including Andrew Martin.

## NINETEENTH DEFENSE

19.     Plaintiff is not entitled to any of the relief requested due to the comparative fault of others, including the Debtors, their affiliated entities, and their respective advisors and retained professionals.

## RESERVATION OF RIGHTS

World Fuel reserves the right to assert additional defenses as discovery progresses and the facts are ascertained to support such affirmative defenses.

## RELIEF REQUESTED

WHEREFORE, based on the foregoing affirmative defenses, World Fuel respectfully prays for entry of a judgment against the Plaintiff under the Counts asserted in the Complaint; that the Complaint be dismissed with prejudice; that World Fuel be awarded its costs and expenses incurred herein, including attorneys' fees and expenses related thereto; and for such other and further relief as this Court deems just and proper.

52244289.2

Dated:  January 25, 2016
        Wilmington, Delaware

POLSINELLI PC

By:    /s/ Justin K. Edelson
       Christopher A. Ward (No. 3877)
       Justin K. Edelson (No. 5002)
       222 Delaware Avenue, Suite 1101
       Wilmington, Delaware 19801
       Telephone:  (302) 252-0920
       Facsimile:   (302) 252-0921
       cward@polsinelli.com
       jedelson@polsinelli.com

       *Counsel for World Fuel Services, Inc.*

52244289.2